UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **TAVARIS EARL HUNT,** | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 21-cv-2272-MMM |
| **SECURUS TECHNOLOGIES, INC.,** *et al.*, | ) |
| **Defendants.** | ) |

## MERIT REVIEW

Plaintiff, currently in the custody of the Champaign County Jail ("Jail"), files a complaint under 42 U.S.C. § 1983, claiming violation of his rights to privacy. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## MATERIAL FACTS

On March 10, 2021, Plaintiff was arrested and brought to the Jail. Plaintiff pleads that on that date, and for some time prior, the Jail had a contract with Defendant Securus Technologies to provide monitoring and recording of detainees' phone calls. Plaintiff alleges that at one point, the Jail phone system had a warning, advising callers that the conversations were being recorded.

On or before April 5, 2021, Securus apparently unilaterally added a prompt advising callers of the "privatization of phone numbers," a term Plaintiff does not explain. On April 5, 2021 Defendant Snyder noted that the Jail had not authorized the change, asking Securus to remove this prompt. On April 6, 2021, Defendant Snyder emailed Securus requesting that they reinstate the prompt notifying callers that they were being recorded.

On August 29, 2021, another detainee told Plaintiff that there was still no warning on the phone. Plaintiff tested this by making an outgoing call, noting the absence of the prompt. Plaintiff filed a grievance of the matter and, on September 2, 2021, Defendant Snyder responded. He told Plaintiff that Securus had been contacted and the warning returned to the system. Defendant Snyder also told Plaintiff that the Jail had recorded 514 of his telephone calls. When Plaintiff asked Defendant to delete the recordings, Defendant informed him that he did not have the authority to do so.

Plaintiff names Securus, Securus President and CEO Robert Pickins, and Champaign County Sheriff Dustin Huberman, alleging that they violated his constitutional rights to privacy and Illinois statute, 720 ILCS 5/14-2(a)(1), when they recorded the calls without an adequate warning. Plaintiff claims, further, that the Jail handbook did not contain a notice and there was none posted at the phones.

Plaintiff also claims that transcripts of his telephone calls were downloaded to the Office of the Champaign County State's Attorney and, on April 1, 2021, new charges were filed against him. Plaintiff alleges that Champaign County State's Attorney Reitcht and Assistant State's Attorney Hindman violate his constitutional rights in that they used the information to gain an unfair advantage. Plaintiff requests money damages and injunctive relief, that the record of the telephone conversations be deleted.

## ANALYSIS

Plaintiff's allegations as to the monitoring and recording of his telephone conversations implicate Fourth Amendment protection against unreasonable search and seizure. *See Lieberman v. Portage County*, No. 18-450, 2020 WL 869232, at *4 (W.D. Wis. Feb. 21, 2020) (applying Fourth Amendment to detainee's claims regarding the monitoring of his telephone calls). *See id*. "the touchstone of [Fourth] Amendment analysis has been the question whether a person has a constitutionally protected reasonable expectation of privacy." *See United States v. Sababu*, 891 F.2d 1308, 1329 (7th Cir. 1989). Fourth Amendment protections apply only if the individual can "establish a legitimate expectation of privacy in the area searched or the subject matter seized." *Id*. citing *Katz v. United States,* 389 U.S. 347 (1967) (finding that individual calling an inmate in a maximum-security prison did not have a reasonable expectation of privacy as to their telephone communications).

Here, Plaintiff alleges that he was confined at the Jail on March 10, 2021 and that "on or before April 5, 2021" the warning prompt was removed. This leaves open the issue as to whether Plaintiff made phone calls prior to the removal of the warning, as then, he would have been aware that the telephone conversations were recorded. If Plaintiff were so aware, he cannot claim to have had an expectation of privacy as to these conversations. *See United States v. Van Poyck*, 77 F.3d 285, 290–91 (9th Cir. 1996); *Tittle v. Carver*, No. 06-938, 2008 WL 4425882, at *8 (E.D. Wis. Sept. 24, 2008) (detainee did not have reasonable expectation of privacy where guard could overhear his conversation and there was a signed over the door of the sally port to the extent that there was "audio monitoring" on the premises).

Plaintiff's allegations that that Defendants violated the Illinois Anti-Eavesdropping statute, 720 ILCS 5/14-1 et seq., also fails to state a claim. This is so, as a violation of state statute is not enough to establish a constitutional violation. *See Windle v. City of Marion, Ind.*, 321 F.3d 658, 662 (7th Cir. 2003) (citing cases) (violations of state law will not form the basis for imposing § 1983 liability).

In addition, Plaintiff appears to allege mere negligence, rather than objective unreasonableness as to Defendants' conduct. Here, it appears that Jail staff was not aware that the warning prompt had been removed until Plaintiff informed them some time on or after August 29, 2021. Plaintiff filed a grievance of the matter and, on September 2, 2021, he was informed that the warning prompt had been restored. While staff were recording the telephone conversations, they were doing so as authorized by regulation and established routine, seemingly unaware that the warning prompt had been removed from the phone system by an outside vendor. *See Sababu*, 891 F.2d at 1329.

As to Securus, Securus President Pickins and Sheriff Heuerman, Plaintiff offers nothing to support that any were aware that the warning prompt was missing so as to have acted unreasonably as a consequence. Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004).

As the Jail staff seemingly did not know that the prompt was absent neither can the Champaign County State's Attorney and Assistant State's Attorney be held liable for receiving downloads of the conversations. In addition, to the extent that Plaintiff complains that they should not have charged him with an additional offense or offenses, the Champaign County State's Attorney and Assistant State's Attorney enjoy prosecutorial immunity from such a claim.

4

*Imbler v. Pachtmen*, 424 U.S. 409, 430 (1976) (holding that prosecutor has absolute immunity for activities "intimately associated with the judicial phase of the criminal process").

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. While it is unlikely that plaintiff can state a claim under these facts, he will have a final opportunity, within 30 days, to file an amended complaint. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety and must contain all allegations against all Defendants without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2) Plaintiff files [5], a letter requesting that the Court send him a copy of his complaint and the docket sheet. While the Clerk has provided the requested information, Plaintiff is placed on notice that if he requests any specific relief, he is to file it in the form of a motion, not a letter.


ENTERED:   2/15/2022

                                          s/Michael M. Mihm
                                          MICHAEL M. MIHM
                                      UNITED STATES DISTRICT JUDGE