UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **TAVARIS EARL HUNT,** | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 21-cv-2272-MMM |
| **SECURUS TECHNOLOGIES, INC.,** *et al.*, | ) |
| **Defendants.** | ) |

<u>**MERIT REVIEW – AMENDED COMPLAINT**</u>

Plaintiff, currently in the custody of Graham Correctional Center, files an amended complaint under 42 U.S.C. § 1983, claiming a violation of his right to privacy while at the Champaign County Jail ("Jail"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**MATERIAL FACTS**

On March 10, 2021, Plaintiff was arrested and brought to the Jail. Plaintiff pleads that on that date, and for some time prior, the Jail had a contract with Defendant Securus Technologies to provide monitoring and recording of detainees' phone calls. Plaintiff alleges that at one point, the Jail phone system had a warning, advising callers that the conversations were being recorded. On

1

or before April 5, 2021, Securus apparently unilaterally issued a new prompt advising callers that only phone numbers were private. On April 5, 2021, Defendant Snyder told Plaintiff that the Jail had not authorized the change. On April 6, 2021, Defendant Snyder emailed Securus and requested that it reinstate the prompt notifying callers that they were being recorded.

On August 29, 2021, another detainee told Plaintiff that there was still no warning on the phone that calls were being monitored and recorded. Plaintiff tested this by making an outgoing call, noting the absence of the prompt. Plaintiff filed a grievance about the issue. On September 2, 2021, Defendant Snyder responded and told Plaintiff that Securus had been contacted and the warning returned to the system. Defendant Snyder also told Plaintiff that the Jail had recorded 514 of his telephone calls. When Plaintiff asked Defendant Snyder to delete the recordings, he informed Plaintiff that he did not have the authority to do so.

Plaintiff names Securus, Securus President and CEO Robert Pickins, and Champaign County Sheriff Dustin Heuerman, alleging that they violated his constitutional rights to privacy, the Illinois eavesdropping statute, 720 ILCS 5/14-1 *et seq.*, and the Federal Wiretapping Act, 18 U.S.C. § 2511, when they recorded the calls without an adequate warning. Plaintiff claims, further, that the Jail handbook did not contain a notice and there was none posted at the phones.

Plaintiff also claims that transcripts of his telephone calls were downloaded to the Office of the Champaign County State's Attorney, and new charges were filed against him on April 1, 2021. Plaintiff alleges that Champaign County State's Attorney Julia Rietz and Assistant State's Attorney Brooke Hinman violated his constitutional rights in that they used the information to gain an unfair advantage.

Plaintiff requests money damages, injunctive relief, and that the record of the telephone conversations be deleted.

## ANALYSIS

On February 15, 2022, this Court conducted a Merit Review and dismissed Plaintiff's initial complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. The Court stated that while it was unlikely that Plaintiff could state a claim under these facts, he would be given a final opportunity to file an amended complaint within 30 days. (Doc. 7). Plaintiff filed an amended complaint on March 8, 2022. (Doc. 9). His amended complaint is nearly identical to his initial complaint, but in addition to his original allegations, he now claims that Defendants violated the Federal Wiretapping Act, which prohibits the unauthorized interception, disclosure and use of wire, oral, or electronic communications.

Plaintiff's allegations as to the monitoring and recording of his telephone conversations implicate Fourth Amendment protection against unreasonable search and seizure. *See Lieberman v. Portage County*, No. 18-450, 2020 WL 869232, at *4 (W.D. Wis. Feb. 21, 2020) (applying Fourth Amendment to detainee's claims regarding the monitoring of his telephone calls). Fourth Amendment protections apply only if the individual can "establish a legitimate expectation of privacy in the area searched or the subject matter seized." *United States v. Sababu*, 891 F.2d 1308, 1329 (7th Cir. 1989) (citing *Katz v. United States*, 389 U.S. 347 (1967) (finding that individual calling an inmate in a maximum-security prison did not have a reasonable expectation of privacy as to their telephone communications).

Plaintiff alleges that he was confined at the Jail on March 10, 2021, and that on or before April 5, 2021, the warning prompt was removed. This leaves open the issue as to whether Plaintiff made phone calls prior to the removal of the warning, as then, he would have been aware that the telephone conversations were recorded. If Plaintiff were so aware, he cannot claim to have had an expectation of privacy as to these conversations. *See United States v. Van Poyck*, 77 F.3d 285,

290–91 (9th Cir. 1996); *Tittle v. Carver*, No. 06-938, 2008 WL 4425882, at *8 (E.D. Wis. Sept. 24, 2008) (detainee did not have reasonable expectation of privacy where guard could overhear his conversation and there was a sign over the door of the sally port to the extent that there was "audio monitoring" on the premises).

Plaintiff fails to state a claim based on his allegations that Defendants violated the Illinois eavesdropping statute. This is so, as a violation of state statute is not enough to establish a constitutional violation. *See Windle v. City of Marion, Ind.*, 321 F.3d 658, 662 (7th Cir. 2003) (citing cases) (violations of state law will not form the basis for imposing § 1983 liability). In addition, a municipality cannot be held liable under the Federal Wiretapping Act. *Franklin v. City of Chicago Police Dept.*, 175 Fed.Appx. 740, 741 (7th Cir. 2005) (citing *Abbott v. Village of Winthrop Harbor*, 205 F.3d 976, 980 (7th Cir. 2000)).

In addition, Plaintiff appears to allege mere negligence, rather than objective unreasonableness as to Defendants' conduct. Here, it appears that Jail staff members were not aware that the warning prompt had been removed until Plaintiff informed them some time on or after August 29, 2021. Plaintiff filed a grievance of the matter, and on September 2, 2021, he was informed that the warning prompt had been restored. While staff were recording the telephone conversations, they were doing so as authorized by regulation and established routine, seemingly unaware that the warning prompt had been removed from the phone system by an outside vendor. *See Sababu*, 891 F.2d at 1329.

As to Securus, President and CEO Pickins, and Sheriff Heuerman, Plaintiff offers nothing to support that any were aware that the warning prompt was missing so as to have acted unreasonably as a consequence. Negligence on the part of an official does not violate the

4

Constitution, and it is not enough that he or she should have known of a risk." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004).

Plaintiff names Lieutenant Josh Sapp and Superintendent Karee Voges as Defendants, but he does not include any specific allegations against them in the complaint. It is well-recognized that §1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Section 1983 does not allow actions against individuals solely for their supervisory role of others. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (internal quotations and citations omitted).

As the Jail staff seemingly did not know that the prompt was absent neither can the Champaign County State's Attorney and Assistant State's Attorney be held liable for receiving downloads of the conversations. In addition, to the extent that Plaintiff complains that they should not have charged him with an additional offense or offenses, the Champaign County State's Attorney and Assistant State's Attorney enjoy prosecutorial immunity from such a claim. *Imbler v. Pachtmen*, 424 U.S. 409, 430 (1976) (holding that prosecutor has absolute immunity for activities "intimately associated with the judicial phase of the criminal process").

Finally, Plaintiff names Champaign County as a Defendant, but in order for a county itself to be liable for a constitutional violation, Plaintiff must allege that the county had an express policy or wide-spread practice which resulted in the violation or that the violation was done by an employee with "final decision policymaking authority." *See Monell v. Dept of Social Serv. of City of New York,* 436 U.S. 658 (1978). Plaintiff makes no such allegations.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the complaint would be futile. This case is closed.

2) The Clerk is directed to record this dismissal as a strike in the district's internal log.

3) Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

ENTERED: 4/19/2022

                                                        s/ Michael M. Mihm
                                                        Michael M. Mihm
                                                        United States District Judge